IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DANIEL EDWARDS, SR.,**<br><br>Plaintiffs,<br><br>v.<br><br>**COMMUNITY SERVICES, INC.; PAM CORDER; CHRISTEN RUDD; DENISH SIMON; TERISA ZUNIGA; and COHNREZNICK, LLP,**<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. **3:25-CV-2588-L** |

**ORDER**

On August 12, 2026, the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 37) was entered, recommending that the court deny Defendant CohnReznick's ("CohnReznick") Motion to Compel Arbitration and Rule 12(b)(3) Motion to Dismiss ("Motion to Compel Arbitration") (Doc. 19), and grant in part and deny in part CohnReznick's Rule 12(b)(6) Motion to Dismiss Plaintiff's Original Complaint ("Motion to Dismiss") (Doc. 21). On August 26, 2026, Plaintiff, Daniel Edwards, Sr. ("Edwards"), who is proceeding pro se, filed Objections to the Report and a Request that any Dismissal be without Prejudice and with Leave to Amend ("Edwards's Objections") (Doc. 38) and Defendant CohnReznick filed its Objections to the Report ("CohnReznick's Objections") (Doc. 39). On September 9, 2026, CohnReznick filed a response to Edwards's Objections (Doc. 40).

Having considered CohnReznick's Motion to Compel Arbitration, its Motion to Dismiss, legal briefing, pleadings, record, and the Report, and having conducted a de novo review of those portions of the Report to which the parties filed objections, the court determines that the findings and conclusions of the magistrate judge are correct and **accepts** them as those of the court. The

court, therefore, **overrules** Edwards's Objections; **overrules** CohnReznick's Objections; **denies** CohnReznick's Motion to Compel Arbitration (Doc. 19); and **grants in part** CohnReznick's Motion to Dismiss (Doc. 21) to the extent it seeks dismissal of Edwards's claim for direct professional negligence.

This leaves the issue of whether Edwards should be allowed to amend his pleadings with respect to his direct professional negligence claim against CohnReznick. The magistrate judge did not address this issue. Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend a party's pleading "shall be freely given when justice so requires.* Ordinarily, "a pro se litigant should be offered an opportunity to amend his [or her] complaint before it is dismissed." *Wiggins v. Louisiana State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627-28 (5th Cir. 2017) (citing *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). Granting leave to amend, however, is not necessary when a plaintiff has pleaded his or her "best case" after being apprised of pleading deficiencies. *Wiggins*, 710 F. App'x at 627 (quoting *Brewster*, 587 F.3d at 768). Likewise, a district court need not grant a motion to amend if doing so would be an exercise in futility. *Wiggins*, 710 F. App'x at 627 (citing *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016)).

It is unclear at this juncture whether Edwards will be able to cure the deficiencies identified by the Report with respect to his direct professional negligence claim. In any event, Plaintiff is proceeding pro se, he has not previously amended his pleadings, and he asserts that he can cure these and the other pleading deficiencies noted in the Report if given the opportunity. The court

* The decision to allow amendment of a party's pleadings under Rule 15(a) is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

will, therefore, give him an opportunity to amend his pleadings, as it is not readily apparent whether he has pleaded his "best case." Any amended complaint must be filed by Edwards by **October 30, 2026**. Failure to file an amended complaint by this deadline will result in the dismissal with prejudice of Edwards's direct professional negligence claim. As the court is allowing Edwards to amend his pleadings, it **denies as moot** Plaintiff's Motion for Leave to File Reply (Doc. 41).

Finally, to avoid piecemeal litigation, allow the court to address any amended pleadings and motions to dismiss in one order, and preserve scarce judicial resources, the court will defer ruling on Defendants Community Services Inc, Pam Corder, Christen Rudd, Denish Simon, and Terisa Zuniga's Rule 12(b)(6) Motion to Dismiss (Doc. 14) ("CSI Defendants' Motion to Dismiss"). The court observes, however, that granting Edwards leave to amend the pleadings may render moot the CSI Defendants' Motion to Dismiss. Accordingly, the clerk is **directed** to **term** the motion; however, should Edwards fail to amend his complaint, the court will **reinstate** the CSI Defendants' Motion to Dismiss and consider it based on the current briefing. In the event Edwards files an amended complaint, the court will allow the CSI Defendants to either seek reinstatement of their Motion to Dismiss or file an amended motion to dismiss to address any allegations in the amended complaint that pertain to them. In this fashion, Edwards will already have had an opportunity to amend his pleadings to cure any deficiencies noted by the CSI Defendants in their current Rule 12(b)(6) Motion to Dismiss.

**It is so ordered** this 29th day of September, 2026.

Sam A. Lindsay
United States District Judge